IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JAMES L. ADKINS, ET AL </br>     Plaintiffs, </br>v. </br> </br>BILL SPURLOCK, Director of </br>Rutherford County Schools, </br>     Defendant. | ) </br>) </br>)    Civil Action No. 3:21-cv-863 </br>)    Judge Trauger/Frensley </br>) </br>) </br>) |

## REPORT AND RECOMMENDATION

Pending before the court is a Motion to Dismiss filed by the Defendant in this matter. Docket No. 8. The Defendant has filed a supporting Memorandum of Law. Docket No. 9. The Plaintiffs did not respond to the motion in the time allowed by the Federal Rules of Civil Procedure and Local Rules of Court. As a result, the court entered a Show Cause Order ordering the Plaintiffs to show cause by February 11, 2022 why their claim should not be dismissed for failure to prosecute or for the reasons stated in the Defendant's Motion to Dismiss. Docket No. 15. The Plaintiffs were forewarned that failure to respond to the Order could lead to a recommendation that their claims be dismissed. The Plaintiffs have not responded to the motion to dismiss or this court's show cause order. For the reasons stated herein, the undersigned recommends that the action be **DISMISSED WITHOUT PREJUDICE**, and that the Defendant's Motion to Dismiss be **FOUND MOOT**.

## INTRODUCTION

This is an action brought by the pro se Plaintiffs alleging that the Defendant, the Director of Schools for Rutherford County, Tennessee used a personal twitter account in his official capacity to disseminate information to the public regarding his role as Director of Schools. Docket No. 1. The Complaint further alleges that while some individuals were allowed to post comments

to his account, other were blocked based upon their views. *Id.* The Plaintiffs claimed they were among those individuals blocked from viewing information posted to the Twitter account in violation of their First Amendment Rights. *Id.* They seek declaratory and injunctive relief to require their access to the Twitter account to be restored and that the Defendant be enjoined from blocking them or their comments in the future. *Id.*

The Defendant has filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted. Docket No. 8. Defendant argues that the Plaintiffs' lack standing to pursue their claims and that since the Defendant has deleted his twitter account there is no controversy before the court and the Plaintiffs' claims are moot. Docket No. 9.

## LAW AND ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a Plaintiff to prosecute the claim or comply with the Rules or any order of the Court. *Schafer v. City of Defiance Police Department*, 529 F. 3d 731, 736 (6th Cir. 2008)(*citing Knoll v. AT & T*, 176 F. 3d 359, 362-3 (6th Cir. 1999)); *Carpenter v. City of Flint*, 723 F. 3d 700, 704 (6th Cir. 2013)("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute."). Similarly, this Court's Local Rules provides that "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party may be summarily dismissed . . . without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." Local Rule 41.01(a)(dismissal for unreasonable delay. Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F. 3d at 736 (*quoting Knoll*, 176 F. 3d at 363).

The Court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer v. City of Defiance Police Dep't*, 529 F. 3d 731, 737 (6th Cir. 2008). A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b). The Court of Appeals for the Sixth Circuit has noted, however, that dismissal under Rule 41(b) is a "harsh sanction" and should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F. 2d at 161, *quoting Silas v. Sears, Roebuck & Co., Inc.*, 586 F. 2d 382, 385 (5th Cir. 1978).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the Court. *See, Jourdan v. Jabe*, 951 F. 2d 108, 109 (6th Cir., 1991). "[W]hile pro se litigants may be granted some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996).

When a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more favorably than a party who is represented. *Id.* Additionally, Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the party seeking relief." *Link v. Wabash Railroad Co.*, 370 U. S. 626, 630 (1962).

This is not a case of a plaintiff simply filing documents past deadlines or filing inadequate briefs. *See Mulbah v. Detroit Bd. of Educ.*, 261 F. 3d 586, 593-94 (6th Cir. 2001) (finding that the district court abused its discretion by granting a motion to dismiss for failure to prosecute). Giving due consideration to each of the factors, the Court finds that dismissal for failure to prosecute is an appropriate and necessary sanction, as no alternative sanction "would protect the integrity of pre-trial procedures." *Carter v. City of Memphis*, 636 F. 2d 159, 161 (6th Cir. 1980).

### B. The Case at Bar

The undersigned finds that dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate because the four relevant factors, considered under the "relaxed" standard for dismissal without prejudice show a record of delay, refusal to advance the case and failure to comply with the Court's orders by the Plaintiffs.

### 1. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F. 3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F. 3d at 591(6th Cir 2001)). Although there is no indication that the Plaintiffs' failure to file a response to the defendants' motion to dismiss by the extended deadline was driven by bad faith, they are still "at fault for failing to comply with the Court's Order[ ]." *Malott v. Haas*, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017), report and recommendation adopted by 2017 WL 1244991 (E.D. Mich. Apr. 5, 2017); *see id.* (finding that first factor weighed in favor of dismissal where plaintiff had failed to respond to the defendants' summary judgment motion, despite receiving additional time to do so, and had failed to respond to the court's show-cause orders). This factor weighs in favor of dismissal.

## 2. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F. 3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.,* 110 F. 3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F. 3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g., Harmon*, 110 F. 3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, 2013 WL 1729105, at *2 (W. D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F. 3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F. 3d at 740.

Here, the defendant filed a motion to dismiss (Docket No. 8). That step is typical of the early stages of litigation and was not necessitated by Plaintiffs' delay. *See Schafer*, 529 F. 3d at 739. Consequently, there is no indication that the defendant wasted substantial time, money, or effort due to a lack of cooperation from Plaintiffs. However, the Plaintiffs failure to take any steps to advance the litigation does prejudice the Defendant. All parties are entitled to a just and prompt resolution of their cases. The failure to advance litigation, as the Plaintiffs have here, prejudices

5

the parties and reflects the type of situation where the Court should intervene. The failure of a party to respond to dispositive motions deprives the Court of that party's opposition, reflects a lack of interest in the litigation and forces the Court to address matters without the benefit of the nonmoving party's advocacy. Failure of a party to respond to the Court's show cause order further shows a failure to advance the litigation as well as the disregard of the Federal Rules of Civil Procedure, Local Rules of Court and Orders of the Court. This likewise prejudices the moving party. Thus, this factor weighs in favor of dismissal.

### 3. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F. 3d at 740 (*quoting Stough*, 138 F. 3d at 615). Here, the Court expressly warned Plaintiffs that failure to file a response in opposition to the defendants' motion to dismiss by the extended deadline could lead to dismissal for failure to prosecute. Docket No. 15. This factor weighs in favor of dismissal.

### 4. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n. 5; see also *Mulbah*, 261 F. 3d at 590–91. That is so even though the defendants have filed a motion to dismiss. *See Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. Apr. 20, 1987) (affirming dismissal of action for failure to prosecute where plaintiff had not provided the court with a current mailing address or responded to the defendants' motion dismiss despite a sixty-day extension); *Thomas-Wilson v. Green Tree Servicing LLC*, No. 3:14-cv-01968, 2016 WL 4775738, at *1 (M.D. Tenn. Jan. 15, 2016) (dismissing pro se plaintiff's claims

without prejudice for failure to prosecute and finding defendants' pending motion for summary judgment moot). Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. See *Schafer*, 529 F. 3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Id.* (quoting *Harmon*, 110 F. 3d at 367)).

All four factors set forth above weigh in favor of dismissal of this case. While dismissal under Rule 41(b) is a "harsh" sanction. Plaintiffs have been given every opportunity to participate in this litigation and have chosen not to do so. The Plaintiffs have been given ample opportunity to cure the defects and specifically advised that their failure to cooperate and comply with the Court's orders could lead to dismissal. No further less drastic sanction would be appropriate in this case.

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) for failure to prosecute and that the Motion to Dismiss (Docket No. 8) be **FOUND MOOT**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**